IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES PILECKAS and EDWARD )
SAMUEL, )
 )
 )
        Plaintiffs, )
 ) C.A. No. 22-1212-GBW
   v. )
 )
DE HOMES INC. and MATT )
FUNSTON, et al., )
 )
       Defendants. )

## MEMORANDUM OPINION

James Pileckas and Edward Samuel.  Smyrna, Delaware.  Pro Se Plaintiffs.

December 15, 2022
Wilmington, Delaware

**WILLIAMS, U.S. DISTRICT JUDGE:**

Plaintiffs James Pileckas and Edward Samuel commenced this action on September 16, 2022 against DE Homes Inc. and Matt Funston. (D.I. 2) They appear *pro se* and have been granted leave to proceed *in forma pauperis*. (D.I. 4, 8) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). The Complaint states that the basis for jurisdiction is a federal question (*i.e.*, the claim arises under the Constitution, laws or treaties of the United States). (D.I. 2 at 3) Plaintiffs allege that Defendants refused government funds and, because of this, their eviction is imminent "due to failure of funds received" in violation of Plaintiffs' rights to due process. (*Id.* at 3-4) Plaintiffs state that no relief is available from State Court. (*Id.* at 4) They seek an immediate injunction preventing eviction from the premises.

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

1

monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiffs proceed *pro se*, their pleading is liberally construed and their Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir.

1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiffs leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

## III. **DISCUSSION**

Plaintiffs allege violations of their right to due process. The Court takes judicial notice of a landlord/tenant complaint for summary possession filed by Matthew G. Funston of Delaware Homes, Inc., against Pileckas and Edward on February 4, 2022 in Delaware Justice of the Peace Court, Case ID JP16-22-000705. Trial was scheduled for April 11, 2022 and all parties were notified by JP Court. Hearing was held and a judgment was entered by the Court on April 11, 2022.

On September 14, 2022, Pileckas and Edward case filed an appeal of JP16-22-000705 in the Delaware Justice of the Peace Court, JP16-22-005750. Two days later, on September 16, 2022, they filed the instant action in this Court. (D.I. 2) Hearing was held on October 28, 2022 in JP16-22-00705 (*i.e.*, the appeal) and, on November 10, 2022, Pileckas filed a motion to vacate judgment. On November 21, 2022, JP Court staff discovered that the JP Court had failed to attach the parties' appeal rights to its order as is standard procedure. Pileckas sought an appeal trial de novo on November 23, 2022, and it was approved on December 22, 2022. On December 6, 2022, the JP Court scheduled the matter for trial on January 13, 2023. The matter remains pending.

Procedural due process guarantees that the state will not deprive an individual of a protected interest in property without due process of law, *Parratt v.*

4

*Taylor*, 451 U.S. 527, 537 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986), but the Supreme Court has held that meaningful post-deprivation remedies provide sufficient due process for negligent deprivations of property, *Parratt*, 451 U.S. at 543 and intentional deprivations of property, *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Delaware's appellate procedure is a meaningful post-deprivation remedy. *See, e.g., Rogin v. Bensalem Twp.*, 616 F.2d 680, 695 (3d Cir. 1980) (holding that a Pennsylvania zoning procedure was constitutionally adequate in part because it allowed appeals to the Court of Common Pleas).

Here, Plaintiffs have a meaningful post-deprivation remedy available to them in the JP Court appellate procedure. Plaintiff are utilizing the appeal process and, thus, it cannot be said that they have been denied due process. *See Parr v. Colantonio*, 844 F. App'x 476, 479-480 (3d Cir. 2021) (in eviction case, dismissal of a due process claim is appropriate when tenant had a meaningful post-deprivation remedy available in the state courts' appellate procedure which tenant had utilized).

Plaintiffs fail to state claims upon which relief can be granted and, therefore, the Complaint will be dismissed. The Court finds amendment futile.

## IV. <u>CONCLUSION</u>

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Amendment is futile.

An appropriate Order will be entered.